**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHRISTOPHER PRATT,

       Plaintiff,                           Civil Action No. 2:12-CV-11233

v.                                     HONORABLE STEPHEN J. MURPHY

ANTHONY KING, et al.,

       Defendants,

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.  Introduction

Before the Court is Plaintiff Christopher Pratt's pro se civil rights complaint filed pursuant to 42 U.S.C.§ 1983. Plaintiff is a state prisoner currently confined at the Central Michigan Correctional Facility in St. Louis, Michigan. For the reasons stated below, the Court will summarily dismiss the complaint.

### II.  DISCUSSION

A.    Legal Standard

Pratt has been allowed to proceed without prepayment of fees under the Prison Litigation Act, 28 § U.S.C. 1915. *See* 28 U.S.C. § 1915(a). Under section 1915(e)(2)(B) of the Act, the Court must dismiss a case, notwithstanding the payment of filing fees, if it determines that, "the action or appeal: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Act requires sua sponte

dismissal, without opportunity to amend or correct deficiencies, of complaints meeting the above criteria. *McGore v. Wrigglesworth,* 114 F. 3d 601, 612 (6th Cir. 1997); *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

To state a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).  "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

B.      Background

Pratt names two members of the Michigan Parole Board and his Resident Unit Manager as defendants. Pratt brings claims under the Due Process Clause and the Equal Protection Clause of the United States Constitution, and contends (1) that he was denied release on parole because the defendant parole board members's decision relied on inaccurate allegations that he made threats against the victims of his crimes; (2) that although the board members have indicated that he needs to successfully complete Assaultive Offender Programing (AOP) as a condition of parole, they have impeded his efforts to be enrolled in that programming, and; (3) that he was intentionally and arbitrarily denied access to AOP, but similarly situated person were permitted to participate. The complaint seeks injunctive relief to compel the defendants to enroll him in AOP and to prevent the parole board from considering the allegations that he made threats to the victims when the board next considers his eligibility for parole.

2

C.    Analysis

Plaintiff's complaint is subject to summary dismissal. To establish a procedural due process violation, a plaintiff must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson*, 209 F. App'x 456, 458 (6th Cir. 2006). "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)).

Plaintiff claims that the board's failure to enroll him in AOP violates a federally cognizable liberty interest in participating in rehabilitative programming while in prison. But federal courts have consistently found that no such interest exists. *See, e.g., Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (prisoners have no constitutional right to rehabilitation, education or jobs); *Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989) (no constitutional right to rehabilitation); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (participation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (no constitutional right to rehabilitative services).  Because Plaintiff has no liberty interest in the AOP, his constitutional rights have not been denied by any Defendant's failure to enroll him in the program.

Likewise, Plaintiff also fails to state a due process claim based on his allegation that

3

the board relied on inaccurate information to deny him parole. Pratt has no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Meachum v. Fano*, 427 U.S. 215, 224,(1976) ("[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty."). Although a state *may* establish a parole system, it has no duty to do so. Thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991). The Michigan parole scheme creates no such entitlement. *See Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc) ("So long as the parole discretion is broad, as in Michigan, 'the State has not created a constitutionally protected liberty interest' by enacting procedural rules." (citation omitted)). Accordingly, the parole board's reliance on disputed allegations to deny Pratt parole does not implicate any protected liberty interest, and does not provide a basis for his due process claim. *See Caldwell v. McNutt*, 158 F. App'x 739, 2006 WL 45275, at *1 (6th Cir. 2006) ("[E]ven if the Parole Board relied on inaccurate information to deny Caldwell parole, it did not violate any liberty interest protected by the United States Constitution."); *Echlin v. Boland*, 111 F. App'x 415, 2004 WL 2203550, at *2 (6th Cir. 2004) (prisoner could not bring a § 1983 action to challenge the information considered by the parole board because he has no liberty interest in parole).

Finally, Pratt has failed to state a claim under the Equal Protection Clause. Pratt contends that he was denied equal protection because defendants impeded his admittance

into AOP, while permitting other similarly situated prisoners to participate. Pratt  does not allege that he is a member of a suspect class or that he has suffered the deprivation of a fundamental right; instead he brings his equal protection claim under a class-of-one theory. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). To succeed under this theory, Pratt must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.*

Pratt's equal protection claim fails because it is conclusory. He claims that his access to AOP was impeded because of "illegitimate animus toward the Plaintiff by the Defendants." Compl. at ¶ 35. But, he provides no specific factual allegations to support that contention, and he has identified no similarly situated person who was treated differently. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 ( 2009)(holding that a court need not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . .") Plaintiff therefore fails to state an equal protection claim.

## III.  ORDER

**WHEREFORE** it is hereby **ORDERED** that the complaint is **SUMMARILY DISMISSED.**

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 9, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 9, 2012, by electronic and/or ordinary mail.

<u>Carol Cohron</u>
Case Manager